**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**KAREN LEA CARLTON**                                                                   **PLAINTIFF**

**V.**                                        **No. 3:24-CV-00079-ERE**

**MARTIN O'MALLEY,**
**Commissioner of Social Security**                                          **DEFENDANT**

**ORDER[1]**

Plaintiff Karen Carlton appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

**I.     Background**

On July 8, 2021, Ms. Carlton filed an application for social security benefits due to back pain, bilateral rotary cuff pain, right-arm tendonitis, right-arm arthritis, heart attack complications, high blood pressure, and diabetes. *Tr. 40, 264*.

Ms. Carlton's claim was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a telephonic hearing on March 9, 2023, where Ms. Carlton appeared with her lawyer, and the ALJ heard testimony from Ms. Carlton and a vocational expert ("VE"). *Tr. 60-84*. The ALJ issued a decision on May 30, 2023, finding that Ms. Carlton was not disabled. *Tr. 37-59*. The

---

[1]The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5*.

Appeals Council denied Ms. Carlton's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-7*.

Ms. Carlton, who was almost fifty-four years old at the time of the hearing, has a high school education, and has past relevant work experience as a phlebotomist, LPN, staffing coordinator, and rubber-cutting machine tender. *Tr. 65, 81*.

## II.    The ALJ's Decision[2]

The ALJ found that Ms. Carlton had not engaged in substantial gainful activity from her alleged onset date of April 10, 2020 through her date last insured of September 30, 2022. *Tr. 43*. He found that Ms. Carlton has the following severe impairments: degenerative disc disease, coronary artery disease, peripheral vascular disease, diabetes mellitus, osteoarthritis, shoulder tendonitis, and obesity. *Id*. However, the ALJ concluded Ms. Carlton did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 44*.

According to the ALJ, Ms. Carlton had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) only

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

occasional stooping, crouching, kneeling, bending, and crawling; (2) only occasional climbing ramps and stairs but never ladders, ropes, or scaffolds; (3) only occasional overhead, bilateral reaching with the upper extremities; and (4) she must avoid working around hazards such as unprotected heights or dangerous, moving mechanical parts. *Tr. 48.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Carlton could perform, including, her past relevant work as a staffing coordinator. *Tr. 82.* Accordingly, the ALJ determined that Ms. Carlton was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence in the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence: in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also

evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.     Ms. Carlton's Arguments for Reversal**

Ms. Carlton contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) "improperly drew upon his own inferences about [her] functional ability from her medical reports after rejecting the medical opinions of record"; and (2) failed to develop the record with opinions from the treating or examining source. *Doc. 9 at 1*. After carefully reviewing the record as a whole, the Court affirms the Commissioner.

**C.     Analysis**

**1.     Substantial Evidence Supports the ALJ's RFC**

Ms. Carlton argues the ALJ's rejection of two agency physicians' opinions ("generally not persuasive") and her primary care physician's opinion ("not persuasive") means the RFC was based on only ALJ's own opinion. *Doc. 9 at 9*.

First, it is true that the ALJ partially rejected the two state agency opinions. But Ms. Carlton's argument ignores the fact that the ALJ's RFC was *more* restrictive than the two agency physicians' recommendations. *Tr. 51, 89, 96*. The ALJ's rejection of these findings benefitted Ms. Carlton and was not prejudicial.

Second, Ms. Carlton's argument focuses on medical *opinions* while ignoring the ALJ's reliance on medical *evidence.* "[T]here is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). "In the absence of medical opinion evidence, medical records prepared by the most relevant treating physicians can provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." *Id.* (cleaned up). Additionally, "in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007)).

Ms. Carlton bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of his limitations." *Id*.

The ALJ properly considered all the ongoing issues related to Ms. Carlton's impairments,[3] but the record also contained many things that weighed against a disability finding. The ALJ noted that Mr. Carlton had: (1) "generally normal exam findings across multiple provider visits during the period at issue, including for her musculoskeletal system, cardiovascular system, and her extremities"; (2) "reported improvement in her shoulder issues and pain relief with steroid injections"; (3) exams that noted full strength in the upper extremities with no limitations on range of motion during the period at issue;[4] (4) a post-stent surgery follow-up that revealed normal exam findings and Ms. Carlton reported that she was "doing very well with no complaints." *Tr. 51*.

These findings are supported by the record. *Tr. 416, 429, 493, 506, 508, 509, 539, 608, 684*. A few examples:

- In June and November 2021, Ms. Carlton reported that her "pain is alleviated by steroid injections." *Tr. 494, 506*.

- In December 2021, Ms. Carlton showed no restricted range of motion in either upper extremity. *Tr. 539*.

---

[3] The ALJ considered: (1) imaging related to the degenerative disc disease and vascular disease; (2) the lower extremity occlusion requiring stent surgery; (3) ongoing right shoulder tenderness with decreased range of motion; (4) steroid injections and pain medications for her shoulder; (5) Ms. Carlton's testimony regarding the daily effects of her shoulder pain, overall pain, swelling requiring her to elevate her legs, and the side-effect of her medications; and (6) her BMI. *Tr. 51*.

[4] There were a few occasions (8/10/2020, 5/8/2021, 5/14/21, 6/1/21, 11/2/21) when Ms. Carlton reported right shoulder tenderness and pain during range of motion exercises. *Tr. 465-467, 493, 508*. Steroid injections helped with this impairment.

- After her stent-surgery, Ms. Carlton reported that she could "tell the circulation is much better in her leg . . . ." *Tr. 679.* And, the records repeatedly show only mild edema or no edema. *Tr. 464-468, 470, 493, 508, 524, 557, 561, 568, 691.*

- Ms. Carlton's treatment providers recommended increased exercise. *Tr. 464, 469, 523.* "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

- Ms. Carlton's doctors recommended weight loss and a diabetic diet, but Ms. Carlton was not adhering to these recommendations. *Tr. 464-470, 493, 508, 523, 524, 557, 561, 568, 691.*

- Ms. Carlton reduced her medications without explanation, and, on another occasion, she declined an orthopedic referral. *Tr. 464, 467.* A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of [her] alleged disability. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). "A claimant who fails to follow medical advice without good reason is not entitled to disability benefits." *Kirksey v. Soc. Sec. Admin., Com'r*, No. 3:14-CV-176-DPM-JTR, 2015 WL 2152673, at *3 (E.D. Ark. Apr. 27, 2015) (citing *Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir. 1984)).

The ALJ acknowledged that Ms. Carlton has some physical limitations but accounted for them by limiting her to a reduced range of sedentary work. Substantial evidence supports the ALJ's finding that Ms. Carlton's physical impairments did not prevent her from working at the determined RFC level.

### 2.    The ALJ Did Not Need to Further Develop the Record

Ms. Carlton argues the ALJ failed to develop the record after rejecting the opinions of the state examiners and her treating physician. *Doc. 9 at 11.*

Essentially, this argument mirrors her first one and also fails.

"[T]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Ms. Carlton "has the burden to offer the evidence necessary to make a valid decision about her claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). She "bears a heavy burden in showing the record has been inadequately developed. [She] must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 F. App'x 200, 204 (8th Cir. 2007). "[A]n ALJ does have a duty to develop the record, [but] this duty is not never-ending . . . ." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

As noted, the medical evidence provided substantial evidence to support the ALJ's finding.  The ALJ properly considered Ms. Carlton's subjective complaints, activities of daily living, medical imaging, and records. Nothing more was required. Other than Ms. Carlton's meritless argument regarding the ALJ's rejection of the opinions of her treating physician and two agency physicians, she points to no specific, additional evidence that was needed. "On appeal the claimant must establish that the ALJ's failure to develop the record was unfair or prejudicial

in order to warrant reversal on this basis." *Haley v. Massanari*, 258 F.3d 742, 750 (8th Cir. 2001). Ms. Carlton has not met her burden.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Ms. Carlton's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 3 September 2024.

_____
UNITED STATES MAGISTRATE JUDGE